9 F.3d 1544
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Thomas EDWARDS, Defendant-Appellant.
 No. 92-5526.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 13, 1993.
Decided: November 9, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-92-81-A)
 Michael Mitry Hadeed, Jr., Hadeed, Sexauer & Singer, Alexandria, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, Edward P. Gibson, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Following a bench trial, Thomas Edwards was convicted on two counts of forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with correctional officers of the District of Columbia Department of Corrections in violation of D.C. Code Ann. § 22-505(a) (1981). Edwards claims that the district court erred by failing to grant his motion for judgment of acquittal because he demonstrated justifiable and excusable cause for his conduct. We find no merit in his claims; consequently, we affirm his convictions.
 
 
 2
 Edwards is a District of Columbia inmate housed at the prison facility in Lorton, Virginia. On October 4, 1991, he was involved in an altercation with two correctional officers, Sergeant Curtis and Lieutenant Calloway, after refusing to return to his cell. Edwards was convicted on two counts of violating D.C. Code Ann.s 22-505(a), which punishes anyone who "without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with ... any officer or employee of any penal or correctional institution of the District of Columbia ... while engaged in or on account of the performance of his official duties." On appeal, Edwards challenges the district court's denial of his motion for order of acquittal.
 
 
 3
 Under Fed. R. Crim. P. 29(a), a court shall order acquittal if the evidence is insufficient to sustain a conviction. This Court reviews denials of Rule 29(a) motions by considering " 'whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Mills, F.2d _, No. 92-5231, slip op. at 5 (4th Cir. May 28, 1993) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). The reviewing court must draw " 'all reasonable inferences in favor of the government.' " Id. at 6 (quoting United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980)). When the evidence is viewed in the light most favorable to the government, it appears that Edwards refused to return to his cell, demanded medical attention, and became combative with Sergeant Curtis and Lieutenant Calloway when they ordered him back to his cell. We hold that the evidence supports a finding that Edwards assaulted, opposed, and otherwise interfered with Sergeant Curtis and Lieutenant Calloway, without justifiable or excusable cause, while the correctional officers were performing their official duties.
 
 
 4
 Edwards argues that his conduct was justifiable and excusable in that he refused to return to his cell because he was experiencing chest pains and prison officials ignored his demands to visit the infirmary. However, Officer Calloway told Edwards that he would discuss Edwards' concerns when the inmate returned to his cell. Furthermore, Edwards presented no evidence that he actually suffered from a medical problem.
 
 
 5
 For these reasons, we affirm Edwards' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED